# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**CHRISTIAN LIFE FELLOWSHIP**
**OF LEE COUNTY INC.**,

    Petitioner/Counter-Respondent,

v.     2:24-mc-17-JES-NPM

**WESTCHESTER SURPLUS LINES**
**INSURANCE COMPANY**,

    Respondent/Counter-Petitioner.

---

# ORDER

This matter arises from an insurance claim for damages caused by Hurricane Ian. The insured, Christian Life Fellowship of Lee County Inc., and the insurer, Westchester Surplus Lines Insurance Company, have agreed to submit the amount-of-loss issues to an appraisal panel for resolution. As the policy states:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
>     a. Pay its chosen appraiser; and
>     b. Bear the other expenses of the appraisal and umpire equally.

(Doc. 5-1, p. 33). While each party has selected a competent and impartial appraiser, the appraisers, in turn, have not been able to agree to an umpire. So pursuant to the policy, the parties request that we make that selection. The parties are diverse, and

the amount in controversy exceeds $75,000 (Doc. 1), so we have jurisdiction. *See* 28 U.S.C. § 1332. The Federal Arbitration Act allows us to appoint an umpire by motion. *See* 9 U.S.C. § 5.[1]

The parties submitted lists of potential umpires and their curriculum vitae (Doc. 3 at 12-19; Docs. 5-2 – 5-4), and we held a hearing on January 27, 2025, at which counsel and the parties' respective appraisers appeared. After questioning each appraiser about the proposed umpires, entertaining oral arguments, carefully reviewing the qualifications of the potential umpires, and considering the nature of the property and loss at issue, the court selects James Gilleland to serve as the umpire.

To begin with, Gilleland is an "all lines adjuster," licensed as an independent adjuster in Mississippi, the U.S. Virgin Islands, and Puerto Rico. (Doc. 3 at 16). He is also a certified umpire and appraiser with the Windstorm Insurance Network and the Insurance Appraisal and Umpire Association. *Id.* Both appraisers agreed to the importance of these certifications for an umpire. Moreover, Gilleland has over

---

[1] Motions to compel appraisal, to appoint an umpire for an appraisal, or to compel discovery to inform an appraisal are generally governed by the Federal Arbitration Act. *See Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 152 (2d Cir. 2019) (appraisal constitutes an arbitration for purposes of the FAA); *Martinique Properties, LLC v. Certain Underwriters at Lloyd's London*, 567 F. Supp. 3d 1099, 1106 (D. Neb. 2021), *aff'd sub nom.*, 60 F.4th 1206 (8th Cir. 2023) (same); *Register v. Certain Underwriters At Lloyd's*, No. 5:20-cv-52-TKW- MJF, 2020 WL 6106624, *3 (N.D. Fla. Apr. 20, 2020) (same); *Liberty Mut. Grp., Inc. v. Wright*, No. CIV.A. DKC 12-0282, 2012 WL 718857, *6 (D. Md. Mar. 5, 2012) (requests to appoint an appraisal umpire are processed as motions under the FAA); *see also Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1, 7 (1st Cir. 2004) (an agreed method to reach a binding resolution by a third-party neutral about a fact in dispute constitutes an arbitration for purposes of the FAA).

twelve years of experience working as an umpire, involving personal and commercial lines building damage, including complex high-value property. (*Id.* at 14). Finally, Gilleland's curriculum vitae reflects extensive work for various insurance companies, some involving more than $10 million of exposure. (*Id.* at 14-15). Gilleland's expertise in large commercial projects should expedite the appraisal process and help ensure that it will be conducted in a timely and cost-efficient manner. Given his qualifications and experience, Gilleland appears well-suited to act as an umpire in this case.

The parties agree that there are no other issues to be resolved by the court and that this case may be closed. In the absence of any Rule 72(a) objection within 14 days of this order, the clerk is **DIRECTED** to close the case. If any such objection is timely filed, the clerk is directed to withhold disposition until so ordered by the district judge.

**ORDERED** on February 26, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge